UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

DANIEL D. BENJAMIN,

                Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Civil Action No. 08-4035 (SDW-MCA)

**OPINION**

May 11, 2009

**WIGENTON**, District Judge

      Before the Court is Plaintiff Daniel D. Benjamin's ("Plaintiff") appeal of the final decision of Administrative Law Judge Richard L. De Steno ("the ALJ" or "ALJ De Steno") that Plaintiff was not eligible for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"), 42 §§ U.S.C. 401–33. This appeal is decided without oral argument pursuant to Local Civil Rule 9.1(b). The Court has subject matter jurisdiction pursuant to 42 U.S.C. § 405(g). Venue is proper under 28 U.S.C. § 1391(b). For the reasons set forth below, this Court **REVERSES** and **REMANDS** the final decision of the ALJ.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

      From approximately 2000 to 2002, Plaintiff was employed as a delivery person for a water filtration company. (Tr. 305.) In early 2002, Plaintiff complained to his primary physician, Dr. Genoveva Coyle ("Dr. Coyle"), that he was "always tired" and "fatigued" while working. (Tr. 307, 317.) Dr. Coyle performed an electrocardiogram (EKG) and referred Plaintiff to Passaic Hospital for further testing. (Tr. 308.) After confirming that there was "something wrong" with Plaintiff's heart, Dr. Coyle prescribed medication to improve blood flow and referred Plaintiff to Dr. Bruce Skolnick ("Dr. Skolnick"), Plaintiff's treating

cardiologist. (Tr. 308.) Dr. Skolnick diagnosed Plaintiff with cardiomyopathy.[1] (Tr. 309.) In the second half of 2002, Plaintiff was diagnosed with diabetes. (Tr. 311.) Plaintiff also suffers from allergies. (*Id.*)

On June 7, 2005, before ALJ De Steno, Plaintiff testified that: he frequently suffered from pains in his chest and back (Tr. 310-11, 314); his daily activities consist of driving his wife home from work and driving his son to school, eating, reading, watching television, light cooking, and occasionally helping his wife with laundry (Tr. 315-16); Dr. Coyle advised Plaintiff not to drive because the stress of doing so may cause a fatal heart attack (Tr. 317); he gets upset at "[p]retty much everything" and has a "very low tolerance for a lot of stuff," (Tr. 318); even while resting, he feels tired, fatigued and short of breath (Tr. 318-19); he is only able to walk half a block before needing to rest; he is only able to lift and carry five pounds (Tr. 315, 319); and hot weather makes it difficult for him to breath. (Tr. 319.)

Pursuant to a Social Security Appeals Council remand order dated November 23, 2007, another hearing was held before ALJ De Steno on December 18, 2008. At this hearing, Plaintiff testified that: his condition had gotten worse since he last gave testimony and he was now only able to sit down, watch television, read, take naps, and drive short distances (Tr. 324, 326-27); he no longer helped with any household activities such as cooking, cleaning, or doing laundry (Tr. 326); he is only able to stand for up to an hour and sit down for up to forty-five minutes; he is only able to lift eight pounds (Tr. 325-26); and "[e]verything seems much more challenging to do." (Tr. 327-28.)

---

[1] Cardiomyopathy is defined as "a weakening of the heart muscle or a change in heart muscle structure. It is often associated with inadequate heart pumping or other heart function problems." MedlinePlus Medical Encyclopedia: Cardiomyopathy, http://www.nlm.nih.gov/medlineplus/ency/article/001105.htm (visited April 20, 2009).

The ALJ concluded that, on June 17, 2002, the date Plaintiff was last insured, Plaintiff was not disabled as defined by the Social Security Act. (Tr. 25.) On appeal, Plaintiff contends: (1) the ALJ erred at step two by classifying Plaintiff's allergy condition as a non-severe medical impairment; (2) the ALJ erred at step four by disregarding the medical conclusions of Drs. Skolnick and Coyle; and (3) the ALJ erred at step five by relying solely on the Medical-Vocational Guidelines to conclude that work was available for Plaintiff in significant numbers in the national economy.

## II.    APPLICABLE LEGAL STANDARDS

The Social Security Administration has promulgated a five-step evaluation process to determine whether an individual is entitled to Social Security disability benefits. *See* 20 C.F.R. § 404.1520. In step one, the ALJ decides whether the claimant is currently engaged in substantial gainful activity. If claimant is engaged in substantial gainful activity, the claimant is not eligible for disability benefits and the ALJ's inquiry ends. 20 C.F.R. § 404.1520(a). If claimant is not engaged in such activity, then in step two the ALJ determines whether the claimant is suffering from a severe impairment. If the impairment is not severe, the claimant cannot qualify for disability benefits and the ALJ's inquiry ends. 20 C.F.R. § 404.1520(c). If the impairment is severe, then in step three the ALJ evaluates whether the evidence establishes that the claimant suffers from a listed impairment. If the claimant suffers from a severe impairment, then the claimant is automatically entitled to disability benefits and the ALJ's inquiry ends. 20 C.F.R. § 404.1520(d). If the claimant does not suffer such an impairment, then in step four the ALJ reviews whether the claimant retains the "residual functional capacity" to perform his past relevant work. If claimant can perform their past relevant work, the claimant is not eligible for disability benefits and the ALJ's inquiry ends. 20 C.F.R. § 404.1520(e). If claimant cannot

perform such work, then in step five the ALJ considers whether work exists in significant numbers in the national economy that the claimant can perform given his medical impairments, age, education, past work experience, and "residual functional capacity." If such work does exist, the claimant is not eligible for disability benefits. 20 C.F.R. § 404.1520(f).

The Court's review of the ALJ's decision is based on whether there was substantial evidence to support his decision. 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*; *see Richardson v. Perales*, 402 U.S. 389 (1971); *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3rd Cir.1979). Substantial evidence "is less than a preponderance of evidence but more than a mere scintilla." *Jerurum v. Sec'y of U.S. Dept. of Health & Human Serv.*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Richardson*, 402 U.S. at 401).

### III. DISCUSSION

#### A. Step Two

At step two, the ALJ found that Plaintiff's cardiomyopathy and diabetes were severe impairments, but that claimant's asthma impairment was not severe. The ALJ commits harmless error if the ALJ merely finds that one condition is a non-severe impairment, but finds other conditions severe. *Salles v. Comm'r of Soc. Sec.*, 229 Fed. Appx. 140, 145 n.2 (3d Cir. 2007). In this case, the ALJ found claimant's cardiomyopathy and diabetes to be severe. Consequently, the ALJ's finding that the claimant's asthma impairment was non-severe is harmless error. Thus, there is no basis to reverse harmless error.

#### B. Step Four

In step four, the ALJ found that the opinions of treating physicians Drs. Skolnick and Coyle "are not sufficiently explained by reference to objective medical evidence, and [the ALJ's]

own evaluation of the objective record evidence does not support such extreme limitations." (Tr. 23.)

When the opinion of a treating physician is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record," the ALJ should give it "controlling weight." 20 C.F.R. § 416.927(d)(2); *see also Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 202 (3d Cir. 2008). When the ALJ does not give the opinion of a treating physician controlling weight, the ALJ should give the opinion more or less weight according to several factors, one of which is the amount of relevant evidence, particularly medical signs and laboratory findings that support the opinion. 20 C.F.R. § 416.927(d)(2); *see also Jones v. Sullivan*, 954 F.3d 125, 129 (3d Cir. 1991). Additionally, remand is warranted "where relevant, probative and available evidence was not explicitly weighed in arriving at a decision on the plaintiff's claim for disability benefits." *See Dobrowolsky v. Califano*, 606 F.2d 403, 407 (3d Cir. 1979) (internal citations and quotations omitted). An ALJ is not free to substitute his own judgment for that of a physician by independently reviewing and interpreting the laboratory reports. *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3d Cir. 1985).

In this case, the ALJ specifically disregarded: (1) the June 30, 2004 letter from Dr. Skolnick (Tr. 132-33); (2) the treatment records of Dr. Coyle spanning from February 7, 1996 to October 4, 2004 (Tr. 134-224); (3) the October 25, 2004 Cardiac Impairment Questionnaire of Dr. Skolnick (Tr. 225-29); (4) the medical records of Dr. Coyle covering the period of August, 2002 to May 4, 2005 (Tr. 232-42); and (5) the January 14, 2008 Cardiac Impairment Questionnaire of Dr. Skolnick, which noted that Plaintiff's heart condition had worsened. (Tr. 291-96.). Contrary to the ALJ's findings, the record contains ample medical evidence, including

approximately ninety pages of Dr. Coyle's medical records spanning from early 1996 to late 2004 (Tr. 134-224), that supports the doctors' medical conclusions. Rather than defer to the judgment of the treating physician, the ALJ substituted his own judgment and interpreted the medical evidence himself. (Tr. 23.) ("[M]y own evaluation of the objective record evidence does not support [the doctors' medical conclusions.]") This was inappropriate. Accordingly, because the ALJ disregarded the doctors' opinions, which were well-supported by "relevant, probative and available evidence," *Dobrowolsky*, 606 F.2d at 407, and because the ALJ "impermissibly substituted his own judgment for that of a physician," *Ferguson*, 765 F.2d at 37, remand is warranted.

### C. Step Five

Since the ALJ erred at step four, he must reanalyze step five on remand. *Williams v. Apfel*, 98 F.Supp.2d 625, 632 (E.D.Pa. 2000) (holding that, on remand, the ALJ must alter his step five analysis to incorporate the holding of the Court). Accordingly, if the ALJ's ensuing step five findings are the same as his original findings, Plaintiff can raise any relevant argument regarding step five at that time.

### IV. CONCLUSION

For the reasons stated above, the decision of the ALJ is REVERSED and REMANDED.

**S/SUSAN D. WIGENTON, U.S.D.J.**

cc: Madeline Cox Arleo, U.S.M.J.